Townley, J.
The landlord brought this petition for the appointment of arbitrators under the terms of a lease dated March 13, 1930. This lease provided that the rental for the final period of the term, from January 1, 1946, to December 31,1966, was to be fixed in accordance with a specific provision of the lease, as follows:
“ Twenty-fifth: The rental for the last twenty-one years of the term of this lease, that is, for the period from the 1st day of January, 1946, to the 31st day of December, 1966, shall, in no event, be less than the sum of Sixty-five Thousand Dollars ($65,000.) per annum, and shall be ascertained and fixed as follows:
“ (a) By the agreement, on or before the. 1st day of June, 1945, between the Landlord, or the then owner of the building, of which the demised premises are a part, and the Tenant, or if they shall fail to agree, then —
“ (b) By the written award or decision of a real estate appraiser then agreed upon by the parties, of an amount not less than the sum of Sixty-five Thousand Dollars ($65,000.) per annum. Such award or decision shall be rendered in no event later than the 1st day of October, 1945.; and if the parties are unable to agree upon such appraiser, by June 1,1945, then —
“ (c) By the appointment by each of the parties of a real estate appraiser as arbitrator, which arbitrators shall then select a. third appraiser, impartial between the parties, as a third arbitrator, and the written award or decision of such arbitrators, rendered not later than the 1st day of October, 1945, for an amount of not less than the sum of Sixty-five Thousand Dollars ($65,000.) per annum, shall be final; or
“ (d) If the two real estate appraisers appointed by the parties as arbitrators shall fail to select a third arbitrator within twenty days after their appointment by said parties, then *221 either party shall have the right to apply to the presiding Justice of the Appellate Division, First Department, to designate a third appraiser as a third arbitrator, and the written award of said arbitrators rendered not later than the 15th of November, 1945, for an amount of not less than Sixty-five Thousand Dollars ($65,000.) per annum, shall be final.”
It was conceded before the justice at Special Term that there was no agreement made between the parties concerning future rent prior to June 1, 1945. It was also conceded that no arbitration was had or was asked for prior to October 1, 1945. It is a fact also that nothing was done by the landlord until October 22,1945, at which time a letter was sent to the tenant asking for a conference concerning the fixation of the future rent. On November 2, 1945, the tenant stated that because of the failure of the landlord to avail itself of the provisions of the lease, the yearly rent was to be $65,000. It should also be added that the justice at Special Term found that the omission to follow the arbitration provisions was the fault solely of the landlord and arose out of the failure of the landlord to move for arbitration within the dates set forth in the lease.
In spite of this finding of fact, Special Term relied upon the provisions of section 1452 of the Civil Practice Act, to justify the appointment of the arbitrators. This section provides that in a contract for arbitration or in a submission, if provision is made for the appointment of arbitrators, such method should be followed: “ but if no method be provided therein, or if a method be provided and any party thereto shall fail to avail himself of such method, or for any reason there shall be a lapse in the naming of an arbitrator or arbitrators or umpire, or in filling a vacancy, then, upon application by either party to the controversy, the supreme court, or a judge thereof, shall designate and appoint an arbitrator or arbitrators or umpire, as the case may require * *
On the interpretation of this section made by Special Term, it would be futile for the parties to agree that action in regard to the arbitration of future rent must be taken before a particular^ specified date. We hold that when the parties have specified that arbitration must be instituted prior to a given date, it is presumed that the parties intended to be bound by the provision and that the particular date mentioned is an essential part of the contract.
Section 1452 of the Civil Practice Act should not be interpreted as showing an intention by the Legislature to rewrite contracts of arbitration. It patently refers to failures in some ~ *222 way to co-operate or to avail oneself of the allowed method at a time when the arbitration agreement is still in force and has not expired by its own terms. Where, as here, the parties have agreed upon certain critical dates and they have passed and the failure to make use of the procedure prior to those dates is not explained, it is manifest that section 1452 has no application.
The order so far as appealed from should be reversed, with $20 costs and disbursements to the appellant, and the motion for the appointment of the arbitrators denied.
Glennon, Callahan and Peck, JJ., concur.
Order unanimously reversed, with $20 costs and disbursements to the appellant, and the motion for the appointment of arbitrators denied. Settle order on notice.